**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ADAM THAKAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-00267-HAB-ALT** |
| | ) | |
| **ALLEN COUNTY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

*Pro se* Plaintiff Adam Thakar filed his complaint on June 5, 2026, under seal (ECF 1), along with a blanket motion to seal all his filings (ECF 3). This Court denied Plaintiff's motion to seal, explaining that Plaintiff must provide a document-by-document argument as to why his filings should be sealed. (ECF 6 at 1). This Court also found that "Plaintiff's lengthy, meandering complaint" did not comply with the requirement of Federal Rule of Civil Procedure 8(a)(2) to include "a short and plain statement of the claim…." (ECF 6 at 2). Consequently, Plaintiff was directed to file an amended complaint on or before July 10, 2026, which the Court extended to October 30, 2026. (*Id.* at 3; ECF 20). Plaintiff has now filed his amended complaint with exhibits on October 28, 2026 (ECF 23), along with another motion to seal a document identified as Appendix 2 (ECF 24). For the following reasons, Plaintiff's motion to seal will be denied.

As previously explained, there is a "presumption that all documents relevant to the case outcome are open to public view." (ECF 6 at 2 (citing *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013))). This presumption is very high, but there are exceptions. These include "protection of state secrets, trade secrets, and informers; and fictitious names are allowed when

necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). With this in mind, the Court will now review Plaintiff's motion based on its previous instruction "to analyze each document and provide reasons and legal citations for sealing each document." (ECF 6 at 1).

Plaintiff throws spaghetti at the wall, hoping to find something that sticks. Plaintiff asserts that nearly every category of documents is subject to sealing: "[s]tuff that is embarrassing" (ECF 24 at 6); "stuff that promotes scandal" (*id.* at 8); medical information (*id.* at 7-8, 11); income information (*id.* at 15); trade secrets (*id.* at 16); information on competitive standing (*id.* at 17); financial, criminal, employment, business, and family affairs records (*id.* at 18); "innocent third parties' names" (*id.* at 19); and "[u]nverified information." (*id.* at 20-21). He further alleges that information subject to the Health Insurance Portability and Accountability Act (HIPAA) should be sealed (*id.* at 7). One wonders what information Plaintiff believes is *not* subject to seal.

In support of his claims, Plaintiff incorrectly cites to numerous cases that either support *Doe v. Blue Cross, see Goesel*, 738 F.3d at 833, or are related to the right to privacy outside the judicial context and are therefore inapplicable. *See Anderson v. Romero*, 72 F.3d 518 (7th Cir. 1995) (holding that a prisoner does not have a right to conceal his HIV status); *Whalen v. Roe*, 429 U.S. 589 (1977) (upholding a state statute collecting patient information for those prescribed certain controlled substances). *Anderson v. Romero*, which Plaintiff asserts is "a big one" (ECF 24 at 9), does not even use the word "seal" once in its opinion. Plaintiff also cites *U.S. v. Amodeo*, a Second Circuit Court of Appeals case, which is not binding on this Court. 71 F.3d 1044 (2d Cir. 1995); (ECF 24 at 9).

A review of Appendix 2 shows Plaintiff's discharge papers from Lutheran Hospital containing medical information, a receipt from Walmart Pharmacy, photographs of a rolling bedside table, a cervical collar, and a cane, and written explanations of the exhibits. (ECF 23-3). The photographs appear to be stock images found online.

Even assuming Plaintiff correctly cites precedent on sealing (which he does not), Appendix 2 does not even contain many of Plaintiff's alleged categories of protected documents. For example, the only mention of Plaintiff's income is his speculative claim that "starting in 2029 or 2030" he will "have $85,000 from [his] artificial intelligence business." (*Id.* at 6). And there is nothing in Appendix 2 that would constitute a trade secret or competitive business information.

The Court finds that none of the documents in Appendix 2 fall into any of the exceptions established by *Doe v. Blue Cross*. 112 F.3d at 869, 872. And "merely designating a document as confidential or asserting that it is subject to a protective order is an insufficient basis for sealing a document." *Bowman v. Int'l Bus. Machines Corp.*, No. 1:11-CV-0593-RLY-TAB, 2012 WL 5285891, at *4 (S.D. Ind. Oct. 25, 2012). This Court also reminded Plaintiff at its hearing on July 23, 2026, that his medical records are not explicitly necessary at the pleading stage and, to the extent Plaintiff decided to include them, they would be made public.

For the foregoing reasons, Plaintiff's motion to seal (ECF 23) is DENIED. The Clerk is DIRECTED to unseal Plaintiff's Appendix 2 (ECF 23-3).

SO ORDERED.

Entered this 10th day of November 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge