**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ADAM THAKAR,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COUNTY, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-267-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Adam Thakar ("Thakar") filed an amended civil rights complaint against Defendants Allen County and the State of Indiana alleging he was denied reasonable accommodations, procedural due process, and equal protection of the laws by the Defendants in legal proceedings before the Allen County Superior Court. (ECF No. 23). Along with his Complaint, Thakar filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . . .” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App’x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In his IFP form, Thakar attests he is unmarried, unemployed, and his only source of income is $994 per month in Social Security disability benefits. (ECF No. 2). He further claims he has no dependents, substantially limited money and assets, monthly expenses that exceed his monthly Social Security benefits, and substantial debt. (*Id.* at 2). Thus, Thakar is unable to pay the filing fee.

The Court’s inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a “short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ.

---

[1] *See* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thakar's Complaint need not provide overly detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Twombly*, 550 U.S. at 555. His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Unlike most cases at this early stage, Thakar's case requires a discussion of the significant procedural history before the Court addresses the sufficiency of the allegations. Thakar originally attempted to bring these same claims in a different case, *Thakar v. Allen County et al.*, No. 1:26-cv-173 (hereafter "Thakar I"). There, Thakar was attempting to sue the State of Indiana and Allen County under various civil rights statutes, alleging the defendants (1) violated the ADA by denying him reasonable accommodations necessary for court proceedings; (2) discriminated against him on the basis of his disability in violation of the Rehabilitation Act; and (3) acted under color of state law in depriving him of equal protection by treating him differently based on his race and gender. (Thakar I, ECF No. 2). As in the instant case, Thakar struggled to comply with court rules and orders; for instance, his first complaint was stricken because it was unsigned, he filed redundant copies of motions which were also stricken, and he persisted in filing redacted "sealed" motions to protect what he believed to be private information from the public record. (Thakar I, ECF No. 12).

After he filed a properly signed complaint, this Court screened the complaint pursuant to 28 U.S.C. § 1915. (Thakar I, ECF No. 15). In that Order, the Court dismissed Thakar's § 1983 equal protection claim without leave to amend because (1) the State of Indiana is not amenable to

suit under the Eleventh Amendment and (2) he failed to provide any facts to support a non-frivolous *Monell* claim. (*Id.*) As to his ADA and Rehabilitation Act claims, the Court found he *might* be able to state a plausible claim under either statute, but he had not done so yet. The Order explained that neither the State nor Allen County were proper defendants based on Thakar's alleged facts; instead, the county court itself would likely be the appropriate defendant. (*Id.* at 5). Additionally, he had not provided specific allegations to properly provide notice of his claims, and he was instructed that, should he choose to amend his Complaint, he needed to "include specific allegations regarding when Defendants denied his accommodations; when he requested the accommodations and informed Defendants that they were necessary due to his disability, and any factual details regarding Defendants' alleged denials." (*Id.* at 6). Thakar was granted leave to file an amended complaint "for his ADA and Rehabilitation Act claims, against the proper defendant and with the requirements outlined" by the Court. (*Id.* at 7).

Rather than choosing to amend, Thakar filed a "Motion for Voluntary Dismissal Without Prejudice" asking the Court to dismiss his ADA and equal protection claims (Thakar I, ECF No. 17), which this Court denied as unnecessary, once again instructing Thakar "to file an amended complaint asserting the one claim he wishes to pursue, amended in accordance with the Court's prior Order." (Thakar I, ECF No. 18). Undeterred, Thakar filed yet another motion in his original case proclaiming he was letting that case "expire" because he had opened a new case, with the same claims, in which he was determined to "get everything done correctly this time, since [he] ha[s] some experience in Federal Court now." (Thakar I, ECF No. 19). This Court read that motion as Thakar's notification that he intended to abandon the case by not filing an Amended Complaint

and construed the notice as a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). Accordingly, his first case was dismissed on June 9, 2026.[2]

In the instant case, Thakar has exhibited much the same disregard for court orders and procedures. He filed a 31-page Complaint on June 5, 2026, once again improperly under seal, along with hundreds of pages of exhibits (ECF No. 1) and a blanket motion to seal all his filings (ECF No. 3). Magistrate Judge Andrew Teel denied Thakar's motion to seal, once again explaining that he must provide a document-by-document argument as to why his filings should be sealed, and also found that Thakar's "lengthy, meandering complaint" did not comply with the Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim." (ECF No. 6) ("Plaintiff's inclusion of 400 pages of documents, to say nothing of his case law citations and legal arguments, do not satisfy this requirement. They are unnecessary, unwanted, and serve only to obfuscate whatever issues Plaintiff is attempting to present."). In that Order, Thakar was told in no uncertain terms that he would "be given one final opportunity to amend his complaint to state a claim in a way that complies with the Federal Rules." (*Id.* at 2).

Thakar then filed a slew of motions and notices, *see* ECF Nos. 7, 9, 10, 11, 14, 15, 16, 17, 18, 19—still not in compliance with the Court's instructions and rules—which Magistrate Judge Teel addressed in a Motion Hearing on July 23, 2026. (ECF No. 20). In that hearing, Magistrate Judge Teel painstakingly explained to Thakar why his motions were improper and would not be granted, as well as what Thakar needed to present in an Amended Complaint to comply with the

---

[2] A month after the Court dismissed the first case at Thakar's repeated request, Thakar filed a Notice of Appeal of the Court's previous orders. (Thakar I, ECF No. 20). That appeal was dismissed by the Seventh Circuit Court of Appeals on November 18, 2026. *See Thakar v. Allen County, Indiana, et al.*, No. 26-2453, DE 33 (7th Cir. Nov. 18, 2026).

Federal Rules. Thakar was once again granted leave to amend his complaint to comply with the Court's detailed instructions.

Thakar filed his Amended Complaint with exhibits on October 28, 2026 (ECF No. 23) along with another motion to seal (ECF No. 24). Magistrate Judge Teel denied the motion to seal on November 10, 2026, finding that, once again, none of the exhibits fell into any exception to the general presumption "that all documents relevant to the case outcome are open to public view." (ECF No. 25) (quoting *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)).

Thakar's Amended Complaint, as with the majority of his filings, is incredibly lengthy and difficult to follow. He recounts facts related to his state court case going back multiple years and lobs allegations of wrongdoing by judges, court personnel, sheriff's personnel, opposing counsel, and others. Despite the inclusion of many, many more specific facts, however, Thakar's Complaint suffers from much the same legal deficiencies as his original case. Off the bat, he once again incorrectly named the State of Indiana and Allen County as the defendants. As explained in Thakar I, the State of Indiana is entitled to sovereign immunity and is thus not subject to suit. *See Burrus v. State Lottery Commn. of Ind.*, 546 F.3d 417, 419–20 (7th Cir. 2008). Likewise, the Court fails to find any facts that would support a plausible *Monell* claim against the county. *See* Thakar I, ECF No. 15 at 4. As for his ADA and Rehabilitation Act claims, while he has provided more details to identify the factual basis of his claims, the Court remains unconvinced that he can hold either the State or the County itself liable for the actions of a county *court*. *See id.* at 5; *see also Prakel v. Indiana,* 100 F. Supp. 3d 661, 667 (S.D. Ind. 2015) ("The State of Indiana does not have a unified court system. Rather, Indiana courts consist of separately elected judicial officers in each county as provided for by Article 7, Section 7 of the Indiana Constitution."); *Mudica v. St. Joseph Cnty. Superior Cts.*, No. 3:20-CV-1007, 2021 WL 1854344, at *2 (N.D. Ind. May 10, 2021).

Thakar was explicitly instructed to correct these errors six months ago, and he has failed time and again to do so. Likewise, his lengthy and circuitous filings do not meet Rule 8's requirement for setting forth a "*short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The failure to correct these errors alone, after the Court spelled out what deficiencies in the complaint needed to be remedied, is reason enough to dismiss Thakar's case without leave to amend. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("[W]here the plaintiff has repeatedly failed to remedy the same deficiency, the district court did not abuse its discretion by dismissing the claim with prejudice.").

Beyond the substantive deficiencies, however, the Court is also concerned with Thakar's repeated disregard of direct court instructions. For instance, at the July 2026 Motion Hearing, Magistrate Judge Teel explicitly explained the requirements for sealing a document in federal court and advised Thakar that none of his exhibits met those requirements. Undeterred, Thakar again moved to seal exhibits attached to his Amended Complaint, forcing Magistrate Judge Teel to explain in a third written order why his motion would once again be denied. Likewise, in that hearing Magistrate Judge Teel instructed Thakar to use a court-supplied form when he amended his complaint, as the Civil Complaint Form thoroughly explains what is required (and what is not allowed) in a pro se Complaint. *See* N.D. Ind. L.R. 7-6 ("The court may require parties representing themselves to use clerk-supplied forms."). Thakar has never utilized that form, instead once again opting for a confusing and near indecipherable thirty-plus page filing. *See Stanard v. Nygren*, 658

F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

At this stage, it appears that no number of explanations, corrections, or instructions, written or presented orally, will ensure that Thakar will comply with the rules of this Court. Moreover, these repeated failures to follow direction have resulted in a confusing, piecemeal litigation that has continued to waste valuable judicial resources for no apparent forward progress. *See United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("[R]epeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

While it is true that the pleading rules favor decisions on the merits rather than technicalities, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and that leave to amend pleadings should be freely given, *see* Fed. R. Civ. P. 15(a)(2), those general principles have limits, *see Stanard*, 658 F.3d at 801 (affirming dismissal with prejudice where plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court"). The Court finds that granting Thakar another opportunity to amend his Complaint is not warranted here, where he has repeatedly ignored the Court's instructions and failed to take steps to cure the deficiencies noted by the Court in multiple orders. *See Knowlton v. City of Wauwatosa*, 119 F.4th 507, 520 (7th Cir. 2024) ("A district court does not abuse its discretion when it had explained what was wrong with the initial complaint and had already provided one opportunity to amend." (internal quotation removed)); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[B]eing a pro se litigant does not give a party unbridled

license to disregard clearly communicated court orders.”). Thakar has been warned multiple times that his failure to comply would result in dismissal—that time has come.

Accordingly, Thakar’s Amended Complaint shall be dismissed without leave to amend.

## CONCLUSION

For these reasons, Thakar’s Motion to Proceed In Forma Pauperis (ECF No. 2) is DENIED and his Amended Complaint (ECF No. 23) is DISMISSED WITHOUT LEAVE TO AMEND.

**SO ORDERED** this 23rd day of November 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT